# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-195V
Filed: August 4, 2020
UNPUBLISHED

| | |
|---|---|
| JAY P. BHATTACHARYYA and FARRAH E. BHATTACHARYYA, parents of J.B., a Minor,<br><br>      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Diphtheria Tetanus and acellular Pertussis (DTaP) Vaccine; Type 1 Diabetes |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Uni. Law School, Washington, DC, for petitioner.
*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

  On February 8, 2016, petitioners filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that their child, J.B., suffered Type 1 Diabetes Mellitus as a result of receiving the third dose of the diphtheria tetanus and acellular pertussis ("DTaP") vaccine on February 14, 2013. (ECF No. 1.) On March 30, 2017, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 31.)

  Petitioners filed an expert report from Dr. Francis W. Ruscetti to support their claim, and in response, respondent filed an expert report from Dr. Penelope A. Morel. (ECF Nos. 35, 44, 46.) Additionally, supplemental reports were filed by both parties.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

(ECF No. 51, 53, 56, 61.)  This case was reassigned to my docket on June 5, 2019. (ECF No. 58.)

However, on July 27, 2020, petitioners advised via e-mail, that they determined that they will no longer rely on Dr. Ruscetti's expert opinion.  Subsequently, on August 3, 2020, petitioners filed a Motion for a Decision Dismissing the Petition.  (ECF No. 68.)  Petitioners indicated that "[a]n investigation of the facts and science supporting has demonstrated to the Petitioner that they will be unable to prove that [they are] entitled to compensation in the Vaccine Program," and that "to proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and Vaccine Program."  (*Id.* at 1.)  Petitioners further stated that "[p]etitioners understand that a decision by the Special Master dismissing their petition will result in a judgment . . . [and] have been advised that such a judgment will end all of their rights in the Vaccine Program."  (*Id.*)  Respondent does not oppose the motion but does reserve the right to question the good faith and reasonable basis for the filing of this petition in opposition to any motion for attorneys' fees and costs.  (*Id.* at 1-2.)  "The petitioners do intend to protect their rights to file a civil action in the future," and "they intend to elect to reject the Vaccine Program judgment against his and elect to file a civil action."  (*Id.* at 2.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy the burden of proving causation in fact, a petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

J.B.'s medical records alone do not support petitioners' allegations by a preponderance of the evidence and petitioners do not have a reliable expert opinion supporting their claim since they have indicated that they no longer rely on Dr. Ruscetti's expert reports.  Nor did the medical opinion from Dr. Ruscetti provide persuasive evidence supporting a finding of entitlement.  Moreover, in this case, respondent filed a competing medical opinion in the form of persuasive expert reports refuting petitioners' allegations.  *See de Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347 (Fed. Cir. 2008) (Respondent's evidence that bears on petitioner's burden to prove a *prima facie* case should be considered even when the burden has not shifted to respondent).

Accordingly, the undersigned **GRANTS** petitioners' Motion for Decision Dismissing Petition and **DISMISSES** this petition for insufficient proof.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.